Frost, J.
dissenting. It must be conceded, that neither the statute of 11 Geo. 2, c. 19, nor any section thereof, has been made of force in this State, by any Legislative Act, nor by any, the slightest, legislative reference or recognition ; nor by any express extension of the provisions of the statute to the colonies. While the authority of the court, now, or at any former period, to incorporate a British statute into the law of this State, is absolutely disclaimed, it is conceded, that if a well defined practice, conformable to the provisions of a British statute, has so long and universally prevailed, as to have become assimilated with the law of this State, it is competent for the courts to recognise such practice as having the force of law ; and that decisions which have recognised such practice in any particular, are of controlling authority. In giving efiect to such decisions, it must be noticed, that though the alterations which usage has sanctioned, may have been derived from Acts of Parliament, and may have been by them directed and controlled, yet such alterations must derive their sanction from our own usage and prac *404 tice, and cannot be extended further than these may justify. In every particular in which they may be extended by reference to the authority of an Act of Parliament, such extension is unjustifiable. On this subject, no authority can be conceded, nor, it is supposed, be claimed, for loose and inconsiderate dicta, which may be expressed, obviously, without attention to the provisions of the statute, as mere speculation or conjecture, in the course of an opinion in a case to which such dicta are irrelevant • and still more emphatically must be denied the force of mere unofficial opinion, to impose law on the people of this State.
A deference to the compiler of the “ Statutes of South Carolina,” has given a sanction to the insertion of the statute of 11 Geo. 2, c. 19, in that compilation, which an examination of the authorities to which he refers as justifying the insertion, will shew to be entirely unmerited. This statute is said (2 Stat. 572,) to have been inserted on the authority of 1 McC. 302, 2 McC. 31, and 3 McC. 41. The first case is that of the City Council vs. Price, in which the question was, whether a replevin bond could be assigned, so as that the assignee might maintain an action in his own name. Judge Nott, in delivering the opinion of the court, adverting to the many English statutory regulations of the procedings by replevin, says, that though he is not aware that any of those statutes have been directly made of force in this State, except 2 W. & M. c. 5, and 8 Anne, c. 14, yet he believes that, with the exception of the statute 11 Geo. 2, c. 19, they have all been adopted in practice. He adds, “ I say with the exception of the stat. Geo. 2, if, indeed, that is an exception,” and refers to Solomon vs. Harvey & Beggs, 1 N. & McC. 81. The decision is principally supported on the construction of the Act' of 1798, making bonds assignable — though he is disposed to think that the practice of assigning replevin bonds in this State arose from the stat. of Geo. 2, and cites Grimke’s Justice, p. 165, where it is said, “ it is the usual custom of this country to grant a replevin, although there is no law in force directing the same to be granted in case of a distress ; and the sheriff usually conducts himself in the same man *405 ner as the sheriff is directed to do by 11 Geo. 2, c. 19, which, however, is not of force here.” The conclusion is, “ but whatever may have been its origin, it appears to have been of long standing, and to be of universal practice, acquiesced in by the courts. If it were now, for the first time, attempted to be introduced, I should be of opinion that it ought not to be allowed.” The case of Solomon vs. Harvey & Beggs, referred to, merely decides that “ the practice of executing a writ of inquiry in cases of replevin, originated in the Act of 17 Car. 2, c. 2, which is not of force in this State, though it has, nevertheless, prevailed in our courts.
On this case, as an authority for inserting the stat. of Geo. 2, it is to be remarked, that it only decides that re-plevin bonds are assignable, and that on the ground that such assignments were of long standing and of universal practice, with the acquiescence of the courts; that the case unites the authority of Judges Nott and Grimke against the operation of the statute; that the provisions of the stat. Geo. 2, permitting the assignment of replevin bonds, is part only of the 23d section of the statute; that the condition of the replevin bond, directed by that section to be taken, is different from that required by the Act of 1808, l Brev. Dig. 243, which prescribes the form and effect of the condition ; and also, that the same 23d. section requires the replevin bond to be taken with two securities, the necessity for which two sureties was directly put in issue in DeBoiu ads. McClary & Applegate, 3 McC. 44, in which case it was decided to be not necessary; and Judge Nott affirms that “ the stat. of Geo. 2, which ’requires two sureties to a replevin bond, is not of force in this State.” Thus, against the authority of two Judges, in opposition to an adjudged case, on the very issue whether the statute was of force, and against the direct proof that the statute was not recognised by the Legislature to be of force, afforded by an Act regulating replevin bonds, which the 23d. sec. of the stat. of Geo. 2 does also, and merely upon the coincidence of the established practice of this State to assign replevin bonds, with that single particular of the 23d. sec. of the stat. of Geo. 2, the whole statute, *406 with its various provisions and penal enactments, is incorporated into the Statutes of South Carolina.
The next authority relied on by the compiler is cited as “ 3 McC. 41, on distress for rent.” It is the case of Hamilton vs. Reedy, which decides that goods taken in execution cannot be distrained, and that the landlord cannot distrain upon any other property than personal chattels. The statute of Geo. 2 is not alluded to, though the decision that only personal chattels are the subject of distress, is in direct conflict with the eighth section of the statute, which empowers the landlord to distrain growing crops. It is also remarkable; that only one short case intervenes, in the same volume, between the case cited as an authority, and that of DeBow ads. McClary & Applegate, which directly decides the statute not to be of force. The last authority is Pemble vs. Clifford, 2 McC. 31. The question was, whether sci. fa. would lie on a replevin bond. On this point, the stat. of Geo. 2 is silent, nor is the statute adverted to, except in the first two sections of the opinion of the court, to this effect, — “ the stat. of Geo. 2, though not binding on us as statute law, has been adopted in practice in this state, and, as a usage, has become obligatory on us. This statute provides that the avowant in replevin may, if the condition of the bond be broken, take an assignment of it, and bring debt,” &c. The Judge merely affirms, in argument, the point ruled in the City Council vs. Price, and the affirmation, that the statute has been adopted in practice, must be limited to that point. But if, by a very forced and unfair construction, it be cited as a decision in favor of the recognition, in practice, of the whole statute, it can be shewn to be without authority, because it is contradicted by many decided cases and by Acts of the Legislature, shewing that it is not of force. A brief recurrence to the statute will make this very apparent. The first and second sections, which permit the landlord to pursue and distrain goods carried off- the demised premises, in thirty days after their removal, are decided, in Rogers vs. Brown & Sharlock, 1 Sp. 283, not to be of force. The penalty, of double the value of the goods removed, given by the third section against all who may assist in the re *407 moval, never has been enforced, and, it is presumed, will not be asserted to have been made, by any dicta of the Judges, or otherwise, part of our penal law. The fourth, fifth and sixth sections provide for the summary recovery of the penalty, if it does not exceed £50, before two justices, with an appeal to the quarter sessions. These, of course, are not law in South Carolina. The seventh section authorizes landlords to break open houses, for the seizure of goods fraudulently concealed. This arbitrary and oppressive power, it is presumed, will not be claimed for landlords here. The eighth section enables the landlord to distrain cattle feeding or depasturing on the demised land, and also, to distrain growing crops. Reeves vs. McKenzie, 1 Bail. 502, decides that the English law is inapplicable to the habits and situation of the people of this state,- and that cattle found on the demised premises are not distrainable, unless put there by the consent of the owner. It has never been known in this State, that a growing crop has been distrained, nor could the vexatious and oppressive manner in which the ninth section provides for the enforcement of such distress, be tolerated. The tenth section permits the landlord to impound the distress on the demised premises without the consent of the tenant. This right seems to be negatived by the case of Blake vs. DeLiesseline, 4 McC. 496, and certainly has never been adopted in practice. The eleventh and twelfth sections, respecting attornments, have no application or force in this State. The thirteenth section, which enables the landlord to make himself a defendant in ejectment, by joining with the tenant, is superseded by our rule of court. The fourteenth section gives an action for use and occupation, where the demise is not by deed. In Ganey vs. McRee’s adm’rs. 2 Rice’s Dig. 352, it was affirmed that an action might be maintained, at common law, for the use and occupation of land upon an express contract, or upon a quantum meruit, on an implied contract, but that such action cannot be maintained on an implied contract, if the plaintiff fails to count on a quantum meruit; and the stat. of Geo. 2 is also affirmed not to be of force in this State. The fifteenth section, giving a remedy for the recovery of rents *408 to the executor or administrator of a tenant for life, is dispensed with by the 23d sec. of the executors Act, 1789, 5 Stat. Ill, which provides for that case. Nor has the power conferred on landlords by the sixteenth and seventeenth sections, to re-enter and take possession of the demised premises, when the tenant leaves them vacant, ever been exercised in this State. The eighteenth section, giving the landlord double rent where tenants hold over after notice to quit, is not of force ; the Act of 1808, 5-Stat. 665, having provided a remedy for the case. The nineteenth and twentieth sections, which’ declare that distresses shall not be unlawful for any irregularity, are contrary to the decision in Hilson vs. Blain & Green, 2 Rice Dig. 249. In that case it was expressly ruled, Colcock, J. delivering the opinion, that the stat. of Geo. 2, providing “ that where a distress is lawfully made, the party shall not be a trespasser, ab initio, for any subsequent irregularity,” is not of force here, never having been adopted in practice.
The twenty second section provides, that it shall not be necessary to set out the landlord’s title in the avowry. In Moorhead vs. Barrett, the same point was ruled in conformity with the statute.
It thus appears, from a review of all the provisions of the statute, that the only particulars in which they have been recognised as having been adopted in practice in this State, relate to the assignment of replevin bonds and the avowry. All the other provisions, except that of the twenty-first section, in issue in this case, have been shewn to be clearly inapplicable, from the character of them, or to have been decided to be inapplicable, or to have been supplied by the Legislature of our own State. Other dicta, more recently expressed, may be cited in aid of that in Pemble vs. Clifford. In Rogers vs. Brown & Sharlock, will be found a cursory review of the statute, with commentaries upon its provisions; but nothing definite is affirmed. In Moorhead vs. Barrett, it is said, “this statute has not, it would seem, expressly been made of force in this State. Its provisions, however, have been so uniformly observed in practice, that it may be said to form a part of the law of the land. Indeed, it seems to be but decía- *409 ratory of the general principles regulating the relation of landlord and tenant.” After the summary of the provisions of the statute which has been made, it is ■ apparent that dictum was made without refering to the statute, and cannot avail as an authority. Respecting all the dicta that the stat. of Geo. 2 is of force in this State, it may be remarked, that it is manifest the provisions of the statute, in their full extent, were not adverted to when they were made. That those dicta have not been regarded as authority is apparent from the cases cited, in which parts of the Act have been ruled not to be of force, nor can it be pretended that they should be received as authority to the extent and scope of them. When they are rejected as authority for the whole statute, they cannot be cited in support of the recognition of any particular provision. If it be said that the dicta are true to the extent of proceedings by distress, the summary of the provisions of the statute will shew that this cannot be maintained ; or, if it be contended that the dicta are true as to proceedings by re-plevin, it is sufficient to reply, that this issue involves a question of pleading and evidence in trespass vi et armis.
The decision in this case, that the twenty-first section of the stat. 11 Geo. 2, c. 19, is of force in this State, whereby a seizure, for a distress for rent, need not be specially pleaded, but may be given in evidence under the general • issue, in an action of trespass de bonis asportatis, must be supported, not by any judicial recognition of the statute, but on the same grounds on .which the only two cases recognizing parts of it have been rested, — that is, on “ usage of long standing and universal practice, acquiesced in by the courts.” In the only cases I have found in our reports, no such practice is recognized. In Reeves vs. McKenzie, 1 Bail. 497, which was tried at York, such defence was pleaded, and in Bagwell vs. Jamison, Chev. 250, tried at Laurens, it appears, from the report of the case, that the defendant availed himself of such defence under the general issue, by the permission of the plaintiff. Beside the reports, there is no other mode of proving an established practice, but the experience of the profession. *410 In the course of my experience, I never heard of any such practice as the decision in this case affirms and incorporates into the law of pleading. On the contrary, distress being a remedy not much favored, the greatest strictness was required in pleading and proof. There is no reason why a justification, under a distress for rent, should be privileged above a release or license, accord and satisfaction, levy under execution, or any other act done by a public officer in the lawful discharge of his duty. The decision breaks in upon one of the best established rules of pleading,— that defences which admit the trespass and offer matter in justification or excuse, should be specially pleaded. It has been frequently acknowledged to be a very salutary rule, and I cannot perceive what considerations of justice or expediency require an infringement of it, in favor of a distress warrant.
O’Neall, J. concurred with Frost, J.